THE PEOPLE, ex rel. LANGDON v. REID.

The Act to establish an Insane Asylum providing that the resident physician shall hold his office for two years, and until his successor is appointed and qualified, *Held*, that on failure of the Legislature to elect at the expiration of the incumbent's term, the office becomes *de jure* vacant, and can be filled by the Governor, under Art. V, sec. S, of the Constitution.

The words extending the incumbent's tenure "until his successor is appointed and qualified," were intended only to prevent a hiatus or interregnum occurring between the last day of the incumbent's term and the day on which his successor enters into office, during which time the incumbent is a mere *locum tenens*.

Any other rule would continue the incumbent of any elective office for another full term, where there was a failure to elect his successor; for if there is no vacancy caused thereby, there is no authority for an election, except to fill a vacancy, until the expiration of another term.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

This was an information in the nature of a *quo warranto*, filed by the Attorney General, on the relation of Samuel Langdon against Robert K. Reid, to try the title of the latter to the office of resident physici in of the State Insane Asylum. The agreed statement shows the following facts: That Reid was elected resident physician by the Legislatu·e, March 24th, 1854, and received his commission on the 27th of the

same month, and thereupon entered upon the duties of his office, and continued so to do till the institution of this proceeding.

That. the Legislature of 1856 adjourned April 21st, without electing any person to fill the office; that on April 29th, 1856, more than two years having elapsed since Reid's election and qualification, the Governor commissioned and appointed Langdon to said office, for the term of two years from the date of his appointment; that he duly qualified, and made demand on Reid to surrender up the office, which the latter refused to do, and continued in possession of the office.    The Court below gave judgment for the defendant.    Plaintiff appealed.

*D. W. Perley* for Appellant.

*Baine & Bouldin* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The fifth section of an Act to establish an Asylum for the Insane of California, passed May 17th, 1853, provides that "the Legislature shall elect on joint ballot one resident physician, who shall be superintendent of the Asylum.    He shall hold his office for two years, and until his successor is appointed and qualified," etc.

The question presented for our decision is, whether the Governor has power to appoint a resident physician, in case of the failure of the Legislature to elect; in other words, does a vacancy occur by reason of the expiration of the term of the incumbent, which the Governor may fill, during the recess of the Legislature?    To our mind, the answer is so obvious, that we cannot but wonder there should be more than one opinion on the subject.

The term of the incumbent is limited to two years, and the words "and until his successor is appointed and qualified," were only incorporated to prevent a hiatus or interregnum occurring between the day of the termination of the office, and the date upon which the successor enters upon its duties.    From the day on which the term expires by limitation, to the date of the induction of his successor, he is a mere *locum tenens.*    Section 7, Article XI of the Constitution declares, that "when the duration of any office is not provided for by this Constitution, it may be declared by law, and if not so declared, such office shall be held during the pleasure of the authority making the appointment.    Nor shall the duration of any office not fixed by this Constitution ever exceed four years."    Now the term having been fixed at two years, it is evident that the incumbent did not hold by the tenure of the approbation of the appointing power, neither can he be continued in office by their failure to provide a mode for electing a successor; for, having fixed the term, upon its expiration the office *de jure* becomes vacant, and can be filled in two ways; either by election in

the manner which may be provided by law, or by appointment by the Governor, under the 8th section of the 5th Article of the Constitution.

We have been referred to the case of the State v. Lusk, 18 Mo., 334, in which a similar question arose. The decision in that case is not recommended by sound reasoning on the part of the Court. It proceeds upon the hypothesis, that as long as the incumbent remained in office, after the expiration of his term, he continued with the approbation of the Legislature, (the appointing power,) and that there could not be a vacancy, so long as there was a person in the office able to discharge the duties.

This case is distinguished from the one at bar, on account of the seventh section of the eleventh Article of the Constitution of this State, before quoted.

The case of the Commonwealth v. Hanly, 9 Barr., has also been cited, and is equally unsatisfactory to us. In that case, the Constitution provided that they, i. e., the clerks of Orphan's Courts, should hold office for three years, if they should so long behave themselves well, and until their successors were duly qualified. Under this provision, Hanly was elected and commissioned for three years, and until his successor was qualified. Brooks was elected at the expiration of three years, but died before he was qualified. The Constitution gave to the Governor power to fill vacancies, by appointment, until the next election, and it was held that, notwithstanding the three years, for which Hanly was commissioned, had expired, he was entitled to hold on as against the appointee of the Governor.

Take these two decisions of Pennsylvania and Missouri, and apply them to the Constitution of this State, and see what the practical working will be. The successor of a Supreme or District Judge, or other officer, elected by the people, fails to qualify, and thereby defeats the people of their constitutional right of election, and continues the incumbent in office for another full term ; for it must be borne in mind, if there is no result obtained at the regular election for such officers, there is no authority to call another election at any future time, except to fill a vacancy; and if a vacancy does not occur, by the failure to elect or qualify, or the expiration of the term, the officer holds over for another full term.

If such must be the inevitable consequences of the rule, it is evidently the duty of this Court to adopt such a construction as would carry out the plain intendments of the Constitution, which are in favor of the election of officers by the popular vote.

Judgment reversed.